CAIN MAHONEY *vs.* W. A. MURTFELDT COMPANY.

Suffolk.     December 5, 1907. — May 19, 1908.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Negligence.*

If a workman in the employ of a contractor, who is doing the mason work of a building in process of construction, is told by a foreman in the employment of a roofer, who is putting a tar and gravel roof on the building, that he can use "a little roofer's derrick," a "pretty simple appliance," which the foreman has put on the roof in place of a heavy mason's derrick that was in the way of the roofers, and the workman in using the derrick is injured by reason of its wheel jumping from a large hook, which it would not have done if it had been secured by lashing or "mousing," he cannot maintain an action against the roofer for his injuries, as he was not invited to use the derrick but simply was permitted to do so, and the absence of the "mousing" was easy to see, so that the workman as a licensee took the risk of using the derrick as it was and the roofer failed in no duty toward him as such licensee.

TORT for personal injuries sustained by the plaintiff on June 23, 1904. Writ dated December 21, 1904.

In the Superior Court the case was tried before *Aiken*, C. J. The plaintiff at the time of the injury was in the employ of one Rand, a mason contractor, and was working on a building numbered 46 on the Fenway in Boston. The defendant was putting a tar and gravel roof on this building. The plaintiff was injured while using a hoisting tackle belonging to the defendant. The tackle consisted of a fall passing over a wheel, the wheel being suspended from a hook attached to a beam.

The rope overhauled or ran up, so that a small hook on the end of the rope struck against the wheel, causing it to jump from the large hook and fall, knocking down the staging on which the plaintiff was standing. The hook from which the wheel jumped was not secured by lashing or "mousing," and this omission was relied on by the plaintiff to show negligence on the part of the defendant. Shortly before the accident a derrick, constructed with a heavy beam nailed and braced and rigged with a double sheave, had been placed on the roof by the plaintiff and other workmen in the employ of Rand. There was evidence tending to show that this derrick was removed by the employees of the defendant with the knowledge of the plaintiff, and that the plaintiff was told by the foreman in charge of the gang who did this work that he might use the defendant's hoist in place of the one the defendant's employees removed.

At the close of the evidence the Chief Justice ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was argued at the bar in December, 1907, before *Knowlton,* C. J., *Morton, Hammond, Braley,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*R. Spring,* for the plaintiff.

*C. S. Knowles,* for the defendant.

HAMMOND, J. Under the circumstances we do not think the evidence would warrant a finding that there was any invitation to the plaintiff to use the derrick. The time had come to take down the heavy derrick which had been used by the employees of Rand, for whom the plaintiff was working. It was in the way of the roofers who were about to go to work. The derrick was a "pretty simple appliance," "a little roofer's derrick." The plaintiff was not invited to use it. He was simply permitted to use it as it was. The absence of the "mousing" was easily seen, and the plaintiff took his risk of using it as it was. In the opinion of the majority of the court the defendant failed in no duty owed him as a licensee.

*Exceptions overruled.*